## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST HORIZON BANK, | ) | |
| | ) | |
| Plaintiff, and | ) | |
| | ) | |
| RENASANT BANK, | ) | |
| | ) | Case No.: 2:24-cv-00605-RAH |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PREMIER HOLDINGS, LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## RENASANT BANK'S
## COMPLAINT AND CROSS-CLAIM IN INTERVENTION

Renasant Bank ("Renasant") files this Complaint and Cross-Claim in Intervention against defendants Premier Holdings, LLC ("Premier Holdings"), Joginder Sidhu, as Personal Representative of the Estate of Manraj Sidhu, deceased, and First Horizon Bank ("First Horizon"), and states as follows:

### INTRODUCTION

1.     First Horizon initiated this action seeking the imposition of an injunction and receivership over any assets of Premier Holdings that "could be used to repay the Indebtedness owed" to First Horizon as predecessor in interest to

IberiaBank,[1] (Doc. 1 at 19 ¶ 110.a); (*id.* at 22 ¶ 24) (seeking an order "directing the Defendants to turn over to the receiver the operations and activities of Premier Holdings . . . ."); (Doc. 8-4 at 5–6) (proposed order enjoining defendants from "transferring, disposing, wasting, and converting any . . . real property that could be used to repay the Indebtedness owed to First Horizon" and appointing receiver over same).

2.      First Horizon's claimed basis for relief arises from three secured loans it extended to Premier Holdings: (i) a September 4, 2015 loan (the "First Horizon Montgomery Loan") secured by a mortgage on Premier Holdings' leasehold interest in real property located at 4010 Atlanta Highway, Montgomery, AL 36109 (the "Montgomery Property")[2]; and (ii) two November 27, 2018 loans (collectively, the "First Horizon Harpersville Loans" and, collectively with the First Horizon Montgomery Loan, the "First Horizon Loans") secured by a mortgage on real property located at 5482 US-280, Harpersville, Alabama 35078 (the "Harpersville Property"), a security interest on related personal property, and an assignment of leases and rents for the Harpersville Property (collectively, along with First

---

[1] For ease, IberiaBank is referred to collectively and interchangeably throughout this motion as "First Horizon."

[2] *See* (Doc. 1-1); (Doc. 1 at 3 ¶ 9).

Horizon's leasehold mortgage in the Montgomery Property, the "First Horizon Collateral").[3]

3.      Renasant also has made multiple loans to Premier Holdings related to the construction of Burger King and Popeyes restaurants throughout Alabama. To be precise, Renasant has made seven (7) loans to Premier Holdings with a total combined original principal balance of $6,981,231.02 (collectively, and as subsequently extended and modified, the "Renasant Loans") all secured by real and personal property owned by Premier Holdings (the "Renasant Collateral").

4.      Renasant alone holds properly perfected first-priority mortgages and security interests in the Renasant Collateral, which consists of different and separate property from that comprising the First Horizon's collateral securing the First Horizon Loans.

5.      Renasant now files this Complaint and Cross-Claim in Intervention to ensure that its interests in the Renasant Collateral remain free from interference through any relief sought or obtained by First Horizon in this action.

## PARTIES

6.      Plaintiff and cross-claim defendant First Horizon is the banking subsidiary of First Horizon Corporation, a national corporation of regional banking organized and existing under the laws of the United States, with its principal place

---

[3] *See* (Doc. 1 at 4 ¶ 18); (Doc. 1-2 at 137–140, 174 ¶ 2.1, 190).

of business and main office in the State of Tennessee, and is a citizen of Tennessee for the purposes of diversity jurisdiction.

7.      Plaintiff-Intervenor Renasant Bank is Mississippi Banking Corporation with its principal place of business located in the State of Mississippi and is a citizen of Mississippi for the purposes of diversity jurisdiction.

8.      Defendant Premier Holdings is an Alabama limited liability company with its principal place of business located in the State of Alabama. Premier Holdings' only member, Manraj Sidhu, died on May 24, 2022. The entire LLC interest of Premier Holdings is now held by Joginder Sidhu as the Personal Representative of the Estate of Manraj Sidhu, currently pending as case number 22-00416 in the Probate Court of Montgomery County, Alabama. Premier Holdings is a citizen of Alabama for the purposes of diversity jurisdiction.

9.      Defendant Joginder Sidhu is an individual and serves as Personal Representative of the Estate of Manraj Sidhu, currently pending as case number 22-00416 in the Probate Court of Montgomery County, Alabama. Joginder Sidhu is domiciled in the State of Alabama and is a citizen of Alabama for the purposes of diversity jurisdiction.

10.     Defendant Jaipal Gill is an individual domiciled in the State of Georgia and is a citizen of Georgia for the purposes of diversity jurisdiction.

11.     Defendant John A. Howard is an individual domiciled in the State of Alabama and is a citizen of Alabama for the purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a judicial district in which a substantial part of the events or omissions forming the basis of this Complaint and Cross-Claim in Intervention occurred and a substantial part of property that is the subject of this action is situated.

## STATEMENT OF FACTS

14.     Renasant extended the Renasant Loans to Premier Holdings as follows:

   a. That certain loan in the original principal amount of $368,478.27 ("Loan 5476-1") evidenced and governed by an Amended Promissory Note dated June 5, 2020 (the "5476-1 Note") and secured by a Leasehold Mortgage (the "5476-1 Mortgage", hereinafter referred to together with the 5476-1 Note as the "5476-1 Loan Documents")[4] on Premier Holdings' leasehold interest in real property located in Gardendale, Alabama (the "Gardendale Collateral");

   b. That certain loan in the original principal amount of $1,572,720.00 ("Loan 6693-3") evidenced and governed by a Promissory Note dated November 17, 2017 (the "6693-3 Note") and Loan Agreement

---

[4] True and correct copies of the 5476-1 Loan Documents are attached hereto as collective **Exhibit 1**. All exhibits attached to this Complaint and Cross-Claim in Intervention are herein incorporated by reference.

(the "6693-3 Loan Agreement"), secured by a Mortgage and Security Agreement (the "6693-3 Mortgage") on real and personal property located in Jasper, Alabama (the "Jasper Collateral"), and guaranteed by Manraj Sidhu pursuant to a Continuing Guaranty (the "6693-3 Guaranty", hereinafter referred to collectively, along with the 6693-3 Note, 6693-3 Loan Agreement, and 6693-3 Mortgage as the "6693-3 Loan Documents")[5];

c.  That certain loan in the original principal amount of $1,385,000.00 ("Loan 6693-4") evidenced and governed by a Promissory Note dated November 22, 2017 (the "6693-4 Note") and Loan Agreement (the "6693-4 Loan Agreement"), secured by a Mortgage and Security Agreement (the "6693-4 Mortgage") on real and personal property located in Locust Fork, Alabama (the "Locust Fork Collateral"), and guaranteed by Manraj Sidhu pursuant to a Continuing Guaranty (the "6693-4 Guaranty", hereinafter referred to collectively, along with the 6693-4 Note, 6693-4 Loan Agreement, and 6693-4 Mortgage as the "6693-4 Loan Documents")[6];

d.  That certain loan in the original principal amount of $1,657,500.00 ("Loan 6693-6") evidenced and governed by a Promissory Note dated June 28, 2019 as amended (the "6693-6 Note") and Loan Agreement (the "6693-6 Loan Agreement"), secured by a Mortgage and Security Agreement as well as an Assignment of Leases, Rents and Profits (collectively, the "6693-6 Mortgage") on real and personal property located in Millbrook, Alabama (the "Millbrook Collateral"), and guaranteed by Manraj Sidhu pursuant to a Continuing Guaranty (the "6693-6 Guaranty", hereinafter referred to collectively, along with the 6693-6 Note, 6693-6 Loan Agreement, and 6693-6 Mortgage as the "6693-6 Loan Documents")[7];

---

[5] True and correct copies of the 6693-3 Loan Documents are attached hereto as collective **Exhibit 2**.

[6] True and correct copies of the 6693-4 Loan Documents are attached hereto as collective **Exhibit 3**.

[7] True and correct copies of the 6693-6 Loan Documents are attached hereto as collective **Exhibit 4**.

e.  That certain loan in the original principal amount of $1,438,800.00 ("<u>Loan 6693-8</u>") evidenced and governed by a Promissory Note dated September 12, 2019 (the "<u>6693-8 Note</u>") and Loan Agreement (the "<u>6693-8 Loan Agreement</u>"), secured by a Mortgage and Security Agreement (the "<u>6693-8 Mortgage</u>") on real and certain related personal property located in Montgomery, Alabama (the "<u>Montgomery Collateral</u>"), and guaranteed by Manraj Sidhu pursuant to a Continuing Guaranty (the "<u>6693-8 Guaranty</u>", hereinafter referred to collectively, along with the 6693-8 Note, 6693-8 Loan Agreement, and 6693-8 Mortgage as the "<u>6693-8 Loan Documents</u>")[8];

f.  That certain loan in the original principal amount of $308,000.00 ("<u>Loan 6693-9</u>") evidenced and governed by a Promissory Note dated September 12, 2019 as amended (the "<u>6693-9 Note</u>") and Loan Agreement (the "<u>6693-9 Loan Agreement</u>"), secured by the 6693-8 Mortgage as to certain personal property located in Montgomery, Alabama (the "<u>Montgomery Personal Property Collateral</u>"), and guaranteed by Manraj Sidhu pursuant to a Continuing Guaranty (the "<u>6693-9 Guaranty</u>", hereinafter referred to collectively, along with the 6693-9 Note and 6693-9 Loan Agreement as the "<u>6693-9 Loan Documents</u>")[9]; and

g.  That certain loan in the original principal amount of $250,732.75 ("<u>Loan 6693-10</u>") evidenced and governed by a Promissory Note dated June 11, 2020 (the "<u>6693-10 Note</u>"), secured by a Commercial Security Agreement (the "<u>6693-10 Security Agreement</u>") on personal property included in the above definition of Montgomery Personal Property Collateral, and guaranteed by Manraj Sidhu pursuant to a Continuing Guaranty (the "<u>6693-10 Guaranty</u>", hereinafter referred to collectively, along with the 6693-10 Note and 6693-10 Security Agreement as the "<u>6693-10 Loan Documents</u>").[10]

---

[8] True and correct copies of the 6693-8 Loan Documents are attached hereto as collective **Exhibit 5**.

[9] True and correct copies of the 6693-9 Loan Documents are attached hereto as collective **Exhibit 6**.

[10] True and correct copies of the 6693-10 Loan Documents are attached hereto as collective **Exhibit 7**. The 5476-1 Loan Documents, 6693-3 Loan Documents, 6693-4 Loan Documents,

15.     Renasant properly perfected its liens on the Renasant Collateral as provided for by applicable law.

16.     On August 26, 2024, Premier Holdings, Joginder Sidhu in his capacity as personal representative of the Estate of Manraj Sidhu, and Renasant entered into a Forbearance Agreement, a true and correct copy of which is attached hereto as **Exhibit 8** (the "Forbearance Agreement"), pursuant to which the parties agreed that certain payments due under the Renasant Loan Documents be deferred until February 28, 2025 in accordance with the specific terms provided in the Forbearance Agreement. *See* Ex. 8 at 6 ¶ 4.

17.     Pursuant to the Forbearance Agreement, Premier Holdings and Joginder Sidhu in his capacity as personal representative of the Estate of Manraj Sidhu, further agreed the the indebtedness under the Renasant Loan Documents "is jointly and severally owed by the Obligors [as therein defined] and that the [Renasant] Loan Documents are valid and enforceable in all respects and are secured by, without limitation, all of the [Renasant] Collateral." Ex. 8 at 5 ¶ 2.

18.     First Horizon initiated this action on September 26, 2024 asserting seven counts against defendants in connection with an alleged unlawful conspiracy

---

6693-6 Loan Documents, 6693-8 Loan Documents, 6693-9 Loan Documents, and 6693-10 Loan Documents are hereinafter referred to collectively as the "Renasant Loan Documents".

to liquidate, or otherwise deplete the value of, the First Horizon Collateral to the benefit of the Defendants. *See generally* (Doc. 1 at 12–28).

19.     As set forth in the complaint, First Horizon seeks, among other relief, the appointment of a receiver "to maintain or operate the businesses of Premier Holdings and to take such actions to which the Receiver, in his discretion, deems appropriate, including without limitation, those actions necessary to complete the processing, collection, preservation and liquidation of the Receivership Assets and Operations," defined as "Premier Holdings' current operations and interests in the [First Horizon] Collateral." (Doc. 1 at 27 ¶ 3); (*id.* at 18 ¶ 102).

20.     However, other requested forms of relief sought in the complaint do not appear cabined to the First Horizon Collateral and, if granted, could potentially interfere with Renasant's rights in the Renasant Collateral. For instance, First Horizon seeks the imposition of an injunction and receivership over any assets of Premier Holdings that "could be used to repay the Indebtedness owed" to First Horizon, (Doc. 1 at 19 ¶ 110.a), and further seeks an order "directing the Defendants to turn over to the receiver the operations and activities of Premier Holdings . . . ." (*Id.* at 22 ¶ 124).

21.     First Horizon additionally seeks an order prohibiting Premier Holdings from "[t]erminating, or causing to be terminated, any license, permit, contract or agreement relating to the Collateral **or** Premier Holdings," and "[t]aking any other

action that may interfere with the profitability of the [First Horizon] Collateral, **Premier Holdings, or** First Horizon's rights and interests in the [First Horizon] Collateral." (Doc. 1 at 27 ¶¶ 3, 5).

22.    In conjunction with the complaint, First Horizon filed its Verified Motion for the Entry of a Temporary Restraining Order and Appointment of a Receiver (Doc. 8, the "Receivership Motion") seeking similarly broad relief that could potentially impact Renasant's rights in the Renasant Collateral. *See* (Doc. 8 at 11 ¶ a) (seeking to enjoin Defendants from transferring "any other property securing the [First Horizon] Indebtedness owed **or that could be used to repay** the Indebtedness owed."); (*id.* at 12 ¶ d) (seeking to require "Defendants to disclose to First Horizon *all assets or property of value* which has been transferred from the Defendants to any third person . . . ."); (Doc. 8-4 at 5–6) (proposed order enjoining defendants from "transferring, disposing, wasting, and converting any . . . real property that could be used to repay the Indebtedness owed to First Horizon" and appointing receiver over same).

23.    The First Horizon Collateral is limited to Premier Holdings' interests in the Montgomery Property, the Harpersville Property, and certain personal property and fixtures related to same. *See* (Doc. 1 at 3 ¶ 11); (*id.* at 4–5 ¶ 18); (Doc 1-1 at 12–20) (Leasehold Construction Mortgage for the Montgomery Property); (*id.* at 36–37) (UCC-1 Financing Statement for property related to the "construction at

4010 Atlanta Hwy, Montgomery, AL 36109"); (Doc. 1-2 at 136) (Mortgage, Security Agreement and Assignment of Rents and Leases granting a mortgage and security interest in the Harpersville Property, "[a]ll leases . . . and all agreements for use or occupancy of any portion of the" Harpersville Property, the "right to collect and receive all of the rents, income, receipts, revenues, issues and profits now due or which may become due," and all "building and construction materials and supplies, inventory, equipment, fixtures, systems, machinery, furniture, furnishings, goods, tools, apparatus, and fittings . . . for the purpose of, or used or useful *in connection with* the . . .planning, development, use, occupany or operation of the" Harpersville Property . . . ."); (*id.* at  174 § 2.1) (granting a security interest in "all Equipment, Fixtures, and furniture of Grantor, *located at or which are used in connection with* the" Harpersville Property); (*id.* at 190–95) (UCC-1 Financing Statements on "[a]ll Equipment, Fixtures, and Furniture of Debtor *located at or which are used in connection with the property located in Harpersville, Alabama . . . .*").

24.    First Horizon's security interests do not extend to all property of Premier Holdings or the Renasant Collateral.

25.    The above relief, as requested in the complaint and Receivership Motion, potentially reaches beyond First Horizon's Collateral, and if granted could impose restrictions or control over the Renasant Collateral in which Renasant alone

maintains a properly perfected first-priority security interest, and to which First Horizon may not resort for its recovery absent satisfaction of Renasant's interest.

26.    Through this Complaint and Cross-Claim in Intervention, Renasant seeks a declaration that it maintains a properly perfected first-priority security interest in the Renasant Collateral, and exclusion of the Renasant Collateral from control or interference by any party, receiver, or non-party pursuant to any temporary restraining order, injunction, or receivership order entered in this matter.

### CAUSE OF ACTION

### Count I
### Declaratory Judgment

27.    Renasant restates and re-alleges the averments of the foregoing paragraphs as if fully set forth herein in their entirety.

28.    Renasant holds properly perfected first-priority mortgages and security interests over the Renasant Collateral pursuant to the Renasant Loan Documents.

29.    The Renasant Collateral consists of wholly separate and distinct property from that comprising the First Horizon Collateral.

30.    Pursuant to 28 U.S.C. § 2201 and Alabama Code §§ 6-6-220 *et seq.*, this Court may "declare rights . .  and other legal relations" of interested parties seeking such declarations.

WHEREFORE, premises considered, Renasant respectfully requests this Court enter an order finding, holding, and declaring that:

    a. Renasant holds a properly perfected first-priority security interest in the Renasant Collateral; and

    b. Excluding from any temporary restraining order, temporary or permanent injunction, or receivership order, possession, custody, or control over any of the Renasant Collateral.

Respectfully submitted on this 8th day of October, 2024.

/s/*Gabriel J. Quistorff*
One of the attorneys for Renasant Bank

**OF COUNSEL:**
Jeremy L. Retherford
Tripp DeMoss
Gabriel J. Quistorff
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone (205) 251-8100
Facsimile (205) 226-8799
jretherford@balch.com
gquistorff@balch.com
tdemoss@balch.com

*Attorneys for Renasant Bank*

**PLAINTIFF IN INTERVENTION WILL ATTEMPT SERVICE ON DEFENDANTS/ CROSS-CLAIM DEFENDANT BY CERTIFIED MAIL AND/OR SPECIAL PROCESS SERVER**

First Horizon Bank
c/o CT Corporation, its registered agent
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Premier Holdings, LLC
c/o Joginder Sidhu, its registered agent
2660 Eastchase Lane, Suite 300
Montgomery, AL 36117

Joginder Sidhu, as Personal
Representative of the Estate of Manraj
Sidhu
821 Griffin Park
Birmingham, AL 35242

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of October, 2024, a true and correct copy of the above and foregoing was filed via the CM/ECF System, and that a copy of the foregoing has been served upon the following by placing a copy of same in the United States Mail, properly addressed and postage prepaid, on this the 8th day of October, 2024.

Clarence A. Wilbon
**Adams and Reese LLP**
6075 Poplar Avenue
Suite 700
Memphis, TN 38119
901-525-3234
Fax: 901-524-5419

Danielle Elysees Douglas
**Adams and Reese LLP**
1901 6th Ave N
Ste 1110
Birmingham, AL 35203
205-250-5024
Email: danielle.douglas@arlaw.com

Thomas William Lawless
**Lawless & Associates, PC**
701 Broadway Customs House
Suite 403
Nashville, TN 37203
615-351-7839
Fax: 615-685-0900

*Attorneys for Plaintiff First Horizon Bank*

*/s/ Gabriel J. Quistorff*
Of Counsel