IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST HORIZON BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| RENASANT BANK, | ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:24-cv-605-RAH |
| | ) | |
| PREMIER HOLDINGS, LLC; | ) | |
| JOGINDER SIDHU, AS PERSONAL | ) | |
| REPRESENTATIVE OF THE | ) | |
| ESTATE OF MANRAJ SIDHU, AND | ) | |
| IN HIS INDIVIDUAL CAPACITY; | ) | |
| JAIPAL GILL; and JOHN A. | ) | |
| HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

------------------------------------------------

| | | |
|---|---|---|
| FIRST HORIZON BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-813-RAH |
| | ) | |
| PREMIER HOLDINGS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on *First Horizon's Motion for Preliminary Injunction And For The Appointment Of A Receiver* (doc. 50). Upon

1

consideration, the motion will be GRANTED in part.

## BACKGROUND

First Horizon Bank ("First Horizon") filed this action for the appointment of a receiver to assume control over Premier Holdings LLC and its assets, including its real properties, accounts, records, and ownership interests. First Horizon holds a mortgage interest in real properties located in Montgomery, Alabama and Harpersville, Alabama.

Over the years, Premier Holdings LLC has owned and/or leased the ground on which Burger King and Popeye's Chicken restaurants operated. At its peak, Premier Holdings LLC's operations included almost 400 restaurant locations. Premier Holdings LLC and several related entities have, of recent, experienced difficulty in their business operations, with Premier Holdings LLC's operations becoming significantly reduced, and as for its related Burger King and Popeyes operating entities, bankruptcy filings. For all practical purposes, Premier Holdings LLC is in wind-down mode, with approximately a dozen restaurant locations remaining.

First Horizon's dispute involves loans it provided to Premier Holdings LLC for the acquisition of and/or construction of Burger King restaurants on parcels of land located in Montgomery (4010 Atlanta Highway, Montgomery, Alabama 36109) and Harpersville (5482 US-280, Harpersville, Alabama 35078). The loans are in default and in an accelerated status, with the last payment having been made in March or April 2024. According to First Horizon, it is owed over $2.6 million on the defaulted loans. Premier Holdings LLC does not dispute that the loans are in default, and it acknowledges that it has no present intent to pay on the loans because the properties are not generating enough money to service the First Horizon debt.

The First Horizon loans were guaranteed by Premier Holdings LLC's sole member, Manraj Sidhu (now deceased). Sidhu's estate now holds that interest.

Joginder Sidhu (Manraj Sidhu's father) serves as the Personal Representative of the Estate of Manraj Sidhu. Joginder, as the personal representative and/or individually, is also the sole or majority member in at least eleven related entities, including Premier Holdings of Georgia, LLC; Premier Kings of North Alabama, LLC; Premier Kings Holdings of Alabama, LLC; Premier Cajun Kings, LLC; Premier Kings Holdings, LLC; Premier Kings Air, LLC; Premier Kings Management, LLC; Premier Pita Kings, LLC; PK Holdings LLC; and MMR Holdings, LLC. Jaipal Gill has served as and currently serves as the Chief Operating Officer of Premier Holdings LLC and the Premier-related entities. Gill is related to the Sidhus through a former marriage (Gill and Manraj Sidhu married sisters).

The Montgomery property is currently producing limited rents on its ground lease, while the Harpersville property has gone completely dark and is not generating any income to pay down the indebtedness.

First Horizon argues that Premier Holdings LLC, Joginder and Gill have no incentive to effectively manage or maintain the two restaurant locations during the pendency of this litigation. It also claims mismanagement of Premier Holdings LLC's operations, conflicts of interest, fraud, and unfair treatment. It notes the actions of Premier Holdings LLC, primarily through Joginder and Gill, in paying certain creditors and insiders of the Premier-related entities while making no payments whatsoever to First Horizon. It further claims that, without a receiver, First Horizon will have no reasonably adequate source of recovery once Premier Holdings LLC's remaining assets have been sold and any rents and excess funds diverted to other creditors and insiders, rather than to First Horizon.

Accordingly, First Horizon asks that a receiver be appointed to manage Premier Holdings LLC and all of its assets.

## LEGAL STANDARD

Federal law governs all requests for receivership appointments. *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1292 (11th Cir. 1998). Accordingly, the Court must look to Rule 66 of the Federal Rules of Civil Procedure which provides that "[t]hese rules govern an action in which the appointment of a receiver is sought . . . , [b]ut the practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66. The appointment of a receiver is "an extraordinary equitable remedy. . . . And equity intervenes only when there is no remedy at law or the remedy is inadequate." *United States v. Bradley*, 644 F.3d 1213, 1310 (11th Cir. 2011) (internal citation omitted). "[T]he appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action." *Nat'l P'ship Inv. Corp.*, 153 F.3d at 1291.

The decision to appoint a receiver is an equitable one which rests within the discretion of the court. *Id.* at 1292. To exercise that discretion, a receivership is "justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere, Inc. v. Baron*, 703 F. 3d 296, 305 (5th Cir. 2012) (citations omitted). "Typically, the party seeking a receivership over certain property must 'show that he or she has some legally recognized right in that property that amounts to more than a mere claim against [the] defendant.'" *U.S. Bank National Ass'n v. LG-328 Huntsville, AL, LLC*, No. 5:17-CV-01378-AKK, 2017 WL 5668392, at *1 (N.D. Ala. Nov. 27, 2017).

However, appointing a receiver "is not a remedy to be granted lightly, based on speculation or surmise. It is not a remedy to be granted as a matter of contractual right, but is instead committed to the trial court's discretion based on all relevant

equitable factors." *PNC Bank, N.A. v. Presbyterian Ret. Corp., Inc.*, 2014 WL 6065778, at \*9 (S.D. Ala. Nov. 13, 2014) (Steele, J.).

> Factors considered in deciding whether to appoint a receiver include:
>
> (1) the probability that fraudulent conduct has occurred or will occur;
>
> (2) the validity of the claim by the party seeking the appointment;
>
> (3) whether there is an imminent danger that property will be concealed, lost, or diminished in value;
>
> (4) the inadequacy of alternative legal remedies;
>
> (5) the lack of a less drastic equitable remedy; and
>
> (6) the likelihood that appointing the receiver will do more good than harm.

*U.S. Bank National Ass'n*, 2017 WL 5668392, at \*1; *see e.g.*, *PNC Bank*, 2014 WL 6065778, at \*5. Additionally, contractual consent to the appointment of a receiver is a non-dispositive factor that should be given substantial weight in the equitable analysis. *Bank of Hope v. Dayk Enterprises, Inc.*, No. 2:20-CV-155-MHT-SRW, 2020 WL 8254488, at \*3 (M.D. Ala. Dec. 4, 2020), *report and recommendation adopted*, No. 2:20CV155-MHT, 2021 WL 218730 (M.D. Ala. Jan. 21, 2021) (citation omitted).

## DISCUSSION

Although First Horizon holds a mortgage interest in only two of Premier Holdings LLC's approximately dozen properties, First Horizon seeks the appointment of a receiver having scope and powers over all of Premier Holdings LLC's current operations and assets in order to control, marshal, preserve, maintain, and potentially liquidate the assets for the benefit of First Horizon and all of Premier Holdings LLC's other creditors. Premier Holdings LLC opposes a receivership of any form, and several other creditors oppose a receivership that includes the properties in which they hold security interests. Since briefing is still ongoing

regarding the motion to compel and for sanctions, only First Horizon's request for a receivership over the Harpersville and Montgomery properties will be considered in this opinion and order. As such, while the Court is granting a receivership at the present time over the Harpersville and Montgomery properties, the Court may expand the scope of that receivership to include additional properties and assets at a later date.

### a. Contractual Provision for the Appointment of a Receiver and Validity of the Claim.

In support of its receivership request, First Horizon points to language in its loan documents with Premier Holdings LLC that affords it the contractual right to have a receiver appointed to take possession of the Harpersville and Montgomery properties, to operate these properties, to collect the rents from these properties, and to apply the proceeds.

While "contractual consent to the appointment of a receiver is not dispositive," such consent does serve as a non-dispositive factor that is to be given great weight in determining whether to make such an appointment. *See Bank of Hope*, 2020 WL 8254488, at *3.

Here, the loan documents (*see, e.g.*, Doc. 1-1 at 16; Doc. 1-2 at 145) provide that, in the event of default, First Horizon has the right to have a receiver appointed. Additionally, the parties do not dispute that First Horizon's loans with Premier Holdings LLC are in default, that the Harpersville property is dark and not operating, and that Premier Holdings LLC is intentionally redirecting rents on the Montgomery property in contravention of the assignment of rents agreement executed by Premier Holdings LLC (*see* Doc. 1-1 at 12, 15). Accordingly, Premier Holdings LLC did contractually agree to the appointment of a receiver in these circumstances, and therefore that agreement should be, and will be, given great weight, even though it is not a dispositive factor.

6

**b. The Probability that Fraudulent Conduct has Occurred or will Occur.**

First Horizon argues that Joginder, Gill, and Robert Ritchey are operating Premier Holdings LLC in a fraudulent manner. In particular, First Horizon argues that the income and assets of Premier Holdings LLC are being drained and misdirected to Premier-related companies and insiders such as Joginder, Gill, and Ritchey, that moneys are being comingled and mismanaged, and that essentially all other creditors are being paid, except for First Horizon. Premier Holdings LLC is currently controlled by Joginder and Gill, with assistance from Ritchey. Testimony from Gill and Joginder shows that Joginder believes that Gill is responsible for deciding which creditors get paid, but that Gill says no one decides. What is clear from the record is that Joginder, Gill, and Ritchey are winding down Premier Holdings LLC, and that its assets are being sold, foreclosed upon, or deeded back to their secured lenders.

It is also clear that Premier Holdings LLC is in financial distress, that there is insufficient income for Premier Holdings LLC to meet its debt service obligations, and that payments from its limited resources are being made to certain creditors but not to others. At the two hearings in this matter, and in briefs filed with the Court, the Defendants (except for John Howard) have acknowledged that there has been comingling of funds and that Premier Holdings LLC's banking practices could be better. While the Court is unwilling to characterize the Defendants' actions as "fraudulent" at this point, there certainly are legitimate concerns involving possible transactions to insiders and related entities that would suggest corporate mismanagement, breaches of customary corporate norms and accounting principles, and at worst the fraudulent depletion of cash and assets for the purpose of avoiding bona fide creditor claims to the betterment of certain insiders and family members. First Horizon has made a sufficient showing under this factor.

## c. There Exists an Imminent Danger that the Assets will be Concealed, Lost, or Diminished in Value.

First Horizon has also demonstrated that there exists an imminent danger that Premier Holdings LLC's assets – specifically, the Harpersville and Montgomery properties and any proceeds therefrom – will be concealed, lost, or diminished in value.

The record shows that the Montgomery and Harpersville properties are not generating sufficient income (through rent) to meet Premier Holdings LLC's debt service obligations to First Horizon.  In fact, the Harpersville property is dark and unoccupied and therefore not generating any rents whatsoever.  As to the Montgomery property, it is generating rents from the operator, but Joginder and Gill apparently have decided to pay those rents directly to the ground lease owner, thereby avoiding Premier Holdings LLC and any contractual rights that First Horizon may have to those rents under the assignment of rights agreement executed by Premier Holdings LLC.

As such, and given the overall financial distress of Premier Holdings LLC, there certainly exists an imminent danger to the Harpersville and Montgomery properties, as well as to the rental income generated from those properties. As has been noted, "where the value of the property does not exceed the value of defendants' indebtedness, defendants may have little or no financial incentive to maintain the property, making the situation ripe for abuse and waste." *Branch Banking & Trust Co. v. McIntyre Land Co.*, 2020 U.S. Dist. LEXIS 112924, at *7-8 (M.D. Ala. June 26, 2020).  This factor weighs in favor of a receivership.

## d. The Inadequacy of Alternative Legal Remedies and the Lack of a Less Drastic Equitable Remedy.

First Horizon argues there are inadequate legal remedies and that there is no less drastic equitable remedy than a receivership over the entirety of Premier

Holdings LLC.

The record shows, and the parties do not dispute, that no effort is being made to pay of any of the First Horizon debt while certain other creditors and related entities are being paid. In fact, Premier Holdings LLC stated during the hearing that there is no plan to pay First Horizon until First Horizon's collateral generates sufficient income to pay the debt service and/or generates proceeds from a sale. But the record also shows that no real effort is being made to either sell the Harpersville location or to operate it and that the Montgomery property's rents are being diverted in breach of the assignment of rents agreement with First Horizon. From a big picture perspective, it is clear that Premier Holdings LLC is in financial distress and in wind-down mode and that once all of its properties are sold or foreclosed upon, there will be insufficient money to pay all of Premier Holdings LLC's debts in full. And in the case of First Horizon and the Harpersville and Montgomery properties, the debt balance will be far in excess of the value of the Harpersville and Montgomery properties. It may very well be that First Horizon is its own worst enemy in the handling and operations of the Montgomery and Harpersville properties and in deciding not to foreclose or accept a deed in lieu, but it has sufficiently shown that it has an inadequate legal and equitable remedy when it comes to the Montgomery and Harpersville properties. Accordingly, this factor weighs in favor of a receivership.

### e. The Likelihood that Appointing the Receiver will do More Good than Harm.

Finally, First Horizon has sufficiently demonstrated that appointing the receiver will do more good than harm as it concerns the Harpersville and Montgomery properties. Harpersville is dark, and Montgomery is operating but its rents are being diverted. No clear plan has been provided by Premier Holdings LLC to protect, preserve, or liquidate these two properties to maximize the recovery to

First Horizon. And given the dire financial distress of Premier Holdings LLC, it is highly doubtful that Joginder, Gill or anyone affiliated with Premier Holdings LLC will make decisions generally beneficial to the interests of these two properties over those of the other properties and their secured lenders.   A receiver over the Harpersville and Montgomery properties, whose sole task is devoted to the interests of the Harpersville and Montgomery properties, and with the financial backing of First Horizon, will certainly do more good than harm.[1]

## CONCLUSION

Based on the foregoing, First Horizon's motion will be granted in part.  The Court will appoint a receiver only over those properties in which First Horizon holds a security interest – the Montgomery and Harpersville properties.  The Court reserves ruling on First Horizon's request for a receivership over the remaining assets and properties of Premier Holdings LLC.  A separate order will issue governing the formal appointment of the receiver and its powers.

**DONE** on this the 6th day of January 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court reserves ruling on whether this is true when considering a receivership over all of Premier Holdings LLC's properties and assets, especially in the face of opposition from most of Premier Holdings LLC's other secured lenders.  That issue will be decided at a later date.